884 F.2d 1399
 13 U.S.P.Q.2d 1528
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CONTROL POWER SYSTEMS, INC., Plaintiff-Appellant,
v.
TIF INSTRUMENTS, INC., Defendant-Appellee.
 No. 89-1330.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1989.
 
 Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Control Power Systems, Inc., appeals the judgment of the United States District Court for the Southern District of Florida in the consolidated cases Control Power Systems, Inc. v. TIF Instruments, Inc., Case No. 78-1067--CIV-DAVIS (S.D.Fla. Feb. 3, 1989) and TIF Instruments, Inc. v. Control Power Systems, Inc., Case No. 84-0969--CIV-DAVIS (S.D.Fla. Feb. 3, 1989). We affirm.
 
 OPINION
 
 2
 Raising nine separate contentions on appeal, Control adopts a "scattergun" approach in challenging the district court's judgment. Foremost of these is Control's contention that the district court committed reversible legal error in analyzing infringement by comparing Control's leak detecting devices to TIF's commercial products, rather than by comparing Control's detectors to the claims of TIF's patents. Control cites selected passages from the district court's opinion as the basis for its assertion. We are not persuaded. It appears that the district court referred to the preferred embodiment merely as a "shorthand" for a measure of the breadth of the claims. Moreover, it is well established that this court reviews judgments, not language in opinions. See Howes v. Medical Components, Inc., 814 F.2d 638, 646-47, 2 USPQ2d 1271, 1276 (Fed.Cir.1987). Even an apparent misstatement of law by a district court, not present here, will provide us grounds to disturb its decision only when that misstatement contributes to a judgment not supported in law by the facts of record. See Lindemann Maschinenfabrik GMBH v. American Hoist and Derrick Company, 730 F.2d 1452, 1458, 221 USPQ 481, 485 (Fed.Cir.1984). Here, from a reading of its opinion as a whole, and not of merely isolated phrases throughout, it is clear that the district court understood and properly applied the law on the issue of infringement to reach a result that has adequate support in the record and that has not been shown by Control to be clearly erroneous.
 
 
 3
 Control's other eight contentions go to the propriety of the district court's factual determinations underlying its ultimate conclusions on the on-sale bar under 35 U.S.C. Sec. 102(b), on best mode under 35 U.S.C. Sec. 112, and on inequitable conduct. After a thorough examination of the record, we conclude that the district court's expressed findings, as well as the implicit findings upon which its ultimate conclusions necessarily depend, have not been shown by Control to be, and are not, clearly erroneous. See ACS Hospital Systems, Inc. v. Montefiore Hospital, 732 F.2d 1572, 1578, 221 USPQ 929, 933 (Fed.Cir.1984). Accordingly, we affirm.